STATE, EX REL. WILLIAM T. SCOTT, v. CLARA QUIMBY.

FILED MAY 15, 1920. No. 21337.

1. Appeal: HARMLESS ERROR. A judgment will not be reversed on appeal, when it clearly appears that the alleged error complained of does not affect the substantial rights of the complaining party.

2. Habeas Corpus: AFFIRMANCE. The record examined, and *held*, that it supports the judgment.

ERROR to the district court for Fillmore county: RALPH D. BROWN, JUDGE. *Affirmed.*

*Waring & Waring,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

DEAN, J.

William T. Scott, relator, on August 6, 1919, sued out a writ of habeas corpus in the county court for Fillmore county, in the name of the state, to obtain the release of his daughter Ellen, a minor child then fifteen, from the custody of respondent, Clara Quimby, as super-

intendent of the girls' industrial school at Geneva, to which institution she was committed June 8, 1918, under article VII, ch. 16, Rev. St. 1913, by the county court for Dawes county. Respondent prevailed in the county court, relator's petition was dismissed, and he prosecuted error to the district court; where the judgment of the county court was affirmed. Relator now prosecutes error to this court.

No formal return was filed in the habeas corpus case, and relator contends here for the first time that "he had a right to have the return of the respondent on file," as provided by sections 9263, 9264, Rev. St. 1913, and that, respondent having failed to show "the authority by which Ellen Scott was held," she should therefore have been released.

Relator's contention seems to be without substantial merit. Section 9263, Rev. St. 1913, provides generally: "The person in whose custody the prisoner shall be found, shall state in writing to the court or judge before whom the writ is returned, plainly and unequivocally: First. Whether he has or has not the party in his custody or power, or under restraint. Second. If he has the party in his custody or power, or under restraint, he shall set forth at large the authority and the true and whole cause of such imprisonment and restraint, with a copy of the writ, warrant, or other process, if any, upon which the party is detained. Third. If he has had the party in his custody or power, or under restraint, and has transferred such custody or restraint to another, he shall state particularly to whom, at what time, for what cause and by what authority such transfer was made."

It is not shown that the relator was misled by the neglect of the officer to indorse the statutory return on the writ. The proceedings in the county court for Dawes county appear in the record, the relator himself having introduced a transcript thereof in the present case. Included in the transcript is the complaint by the

Dawes county probation officer, in the county court of that county, setting forth the grounds of delinquency charged against relator's daughter. There also appears therein a waiver by relator and wife of the issuance and service of summons, and their joint consent to a hearing without further notice, and a statement showing that the parents joined the probation officer in her prayer that the court commit "said child to some suitable institution for her education and reformation." The foregoing waiver and consent and prayer were acknowledged in a single instrument by relator and wife before the county judge for Dawes county. There also appears in the transcript the order of commitment of relator's daughter to the girls' industrial school. The return thereon is in the usual form and shows the commitment to the school as of June 10, 1918.

In view of the record, we conclude that relator was not deprived of any substantial right complained of by him in the habeas corpus proceeding. Rev. St. 1913, sec. 7713. The judgment of the district court should be, and it hereby is,

AFFIRMED.

LETTON and FLANSBURG, JJ., not sitting.